IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HONG KONG DEVELOPMENT CORP. | § § § § § § § | CASE NUMBER _____ |
| VS. | | JURY |
| MID-CENTURY INSURANCE COMPANY | | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Mid-Century Insurance Company files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446, and would respectfully show the Court as follows:

### PROCEDURAL HISTORY AND BASIS FOR REMOVAL

1. On June 18, 2010, an action was commenced in the 133th Judicial District Court of Harris County, Texas, entitled *Hong Kong Development Corp. v. Farmers Insurance Exchange*, as Cause Number 2010-37607.[1] Defendant, Farmers Insurance Exchange was served on June 25, 2010.[2]

2. Farmers Insurance Exchange timely answered the Harris County suit with a general denial and made a jury demand, each filed on July 7, 2010.[3] Subsequently, Mid-Century Insurance Company, pleading it was erroneously sued as Farmers Insurance Exchange, filed an amended answer with a general denial, filed on July 22, 2010.[4]

3. Plaintiff Hong Kong Development Corp. thereafter amended its petition, making claims against Mid-Century Insurance Company and dropping all mention of Farmers Insurance Exchange; Plaintiff's First Amended Original Petition was filed August 2, 2010.[5]

---

[1] *See* Exhibit D.
[2] *See* Exhibit C.
[3] *See* Exhibit E.
[4] *See* Exhibit F.
[5] *See* Exhibit G.

4.	Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is filed within the thirty-day statutory time period for removal.  Mid-Century Insurance Company ("Mid-Century") files this Notice of Removal pursuant to 28 U.S.C. Section 1441(b), which permits removal based on diversity jurisdiction.  28 U.S.C. Section 1332 sets forth the factual predicate justifying the exercise of diversity jurisdiction; specifically, (1) an amount in controversy exceeding $75,000, and (2) diversity of citizenship.[6]

5.	Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.[7]  The district courts of the United States have original jurisdiction over this action based on complete diversity; Defendant Mid-Century is now and was at the time this action was commenced, diverse in citizenship from Plaintiff and is not a citizen of the State of Texas.

6.	According to its Petition, Plaintiff is a Texas Corporation doing business in Harris County, Texas.[8]  Plaintiff is a citizen of the State of Texas.

7.	Defendant Mid-Century is a California corporation with its principal place of business in California.  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Mid-Century is a citizen of California.

8.	Removal is proper because there has been complete diversity between the parties under 28 U.S.C. §1332 both at the time the lawsuit was filed and at the time of this removal.[9]

9.	The amount in controversy at the time of removal, exclusive of interest and costs, exceeds $75,000.00.  Plaintiff's First Amended Original Petition asserts that Plaintiff's property

---

[6] 28 U.S.C. § 1332(a).
[7] 28 U.S.C. § 1441.
[8] *See* Exhibit G, Plaintiff's First Amended Original Petition, at p. 1, ¶ 2.
[9] *See* 28 U.S.C. § 1441.

sustained damages from Hurricane Ike.[10]  Plaintiff has pled that its damages include the amount of its claim under the insurance policy.[11]  Plaintiff has also alleged that it is entitled to an umpire-issued appraisal award which exceeded five million dollars ($5,000,000.00).[12]  Further, Plaintiff's First Amended Original Petition seeks three times Plaintiff's actual damages.[13]  Thus, the amount in controversy clearly exceeds the $75,000 requirement of 28 U.S.C. § 1332(a).

10. Because complete diversity exists among the parties, and because the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332.  As such, this removal action is proper.

11. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Southern District of Texas, Houston Division, as the district and division embracing the county in which the State Court Action is now pending.

12. Defendant Mid-Century, as the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

13. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the 133rd Judicial District Court of Harris County, Texas, where the action is currently pending.

14. Plaintiff requested a jury trial in the State Court Action and represented that it paid the requisite jury fee.

15. A true and correct copy of all process, pleadings, and all orders served upon Defendants in the State Court Action are hereby filed with this Notice of Removal as required by 28 U.S.C. § 1446(a).

---

[10] *See* Exhibit G, Plaintiff's First Amended Original Petition, at p. 3, ¶ 11.
[11] *Id.* at p. 12, ¶ 61.
[12] *Id.* at p. 3-4, ¶ 15.
[13] *Id.* at p. 12, ¶ 63.

16.     As there are no other defendants in this case, no further notice of other parties is required.[14]

17.     Moreover, pursuant to Southern District of Texas Local Rule 81, copies of the following documents are hereby provided to the clerk for filing in connection with the Notice of Removal:

(1) An index of matters being filed (Exhibit "A");
(2) The docket sheet in the State Court Action (Exhibit "B");
(3) All executed process in the case (Exhibit "C"):
(4) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings:
   (a) Plaintiff's Original Petition
       (Exhibit "D");
   (b) Defendant Farmers Insurance Exchange's Original Answer
       (Exhibit "E");
   (c) Defendant's First Amended Original Answer, filed by Mid-Century Insurance Company, erroneously sued as Farmers Insurance Exchange
       (Exhibit "F");
   (d) Plaintiff's First Amended Original Petition (naming Mid-Century)
       (Exhibit "G");
(5) All orders signed by the State Court Judge (Exhibit "H"); and
(6) A list of all counsel of record, including addresses, telephone numbers and parties represented.

WHEREFORE, Defendant Mid-Century Insurance Company respectfully requests the above-entitled action be removed from the 133rd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

---

[14] *See* 28 U.S.C. § 1446(a).

4

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING & BURNS, P.C.
SWBC Tower
9311 San Pedro, Suite 900
San Antonio, Texas  78216
210/344-0500
210/344-7228 facsimile


By _____
    ROBERT F. SCHEIHING
    State Bar No. 17736350
    S. Dist. TX Fed. Bar No. 18883
    E-mail: bscheihing@adamilaw.com
    *Attorney in Charge*

    DAVID W. JEWETT
    State Bar No. 24049512
    S. Dist. TX Fed. Bar No. 725800
    E-mail: djewett@adamilaw.com
    *Of Counsel*


**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

    */s/ Christopher W. Martin*
    Christopher W. Martin
    State Bar No. 13057620
    Federal I.D. No. 13515
    *Of Counsel*:

    Jamie P. Cooper
    Texas State Bar No. 24027603
    *Of Counsel*:

ATTORNEYS FOR DEFENDANT
MID-CENTURY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

      This is to certify that on a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record this 20th day of August, 2010:

Patrick C. McGinnis
GAUTHIER, HOUGHTALING & WILLIAMS, LLP
2323 South Shepherd, Suite 1002
Houston, Texas 77019

                                                    */s/ Christopher W. Martin*
                                                  CHRISTOPHER W. MARTIN